UNITED STATES DISTRICT COURT
                         DISTRICT OF MINNESOTA

United States of America,                    Crim. No. 19-204 (ECT/BRT)

                 Plaintiff,

v.
                                                     **ORDER**
John Thomas White,

                 Defendant.


Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

James S. Becker, Esq., Assistant Federal Defender, counsel for Defendant.


This matter is before the Court on Defendant John Thomas White's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

**1.     Defendant's Motion for Pretrial Disclosure of 404 Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial, to the extent it has not already been disclosed. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 17)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least **fourteen days** before trial.

**2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant requests that the order direct the prosecution to review files of agencies involved in the case to determine whether any additional exculpatory material exists and to disclose such material to the defense. The Government agrees to provide any exculpatory or impeaching information as it comes to light, to the extent required by *Brady*, *Giglio*, and their progeny. Therefore, Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 18)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant three days prior to trial as it has represented that it would.

**3. Defendant's Pretrial Motion for Discovery and Inspection.** Defendant seeks an order, pursuant to Rules 12 and 16, requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental

examinations, and of scientific tests or experiments. Defendant also requests a written summary of all testimony the Government intends to introduce pursuant to Federal Rules of Evidence 702, 703, or 705, a description of the witnesses' opinions, and a description of the witnesses' qualifications. The Government agrees to provide all Rule 16 information and believes it already has complied with the exception of some laboratory reports that are not yet available. Defendant's Pretrial Motion for Discovery and Inspection (**Doc. No. 19**) is **GRANTED** to the extent that the motion conforms to the scope of Rule 16. Any expert witness information shall be disclosed at least **fourteen days** prior to trial.

    **4.**    **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Defendant requests disclosure and certification of the extent of any of the Government's electronic surveillance in this case, including wire-tapping and other investigative methods. The Government represents that it has disclosed a February 21, 2019 application and order for a tracker on the cellular telephone Defendant was using, and that no other electronic surveillance was used in this case. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (**Doc. No. 20**) is **GRANTED**. The Government is hereby ordered to continue to comply with its discovery and disclosure obligations under the rules, to the extent it has not already done so.

    **5.**    **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least one week prior to the

commencement of trial. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 21)** is **DENIED**. However, nothing in this Order precludes the Government from making Jencks Act material available to Defendant three days prior to trial as it has represented that it would.

6. **Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. In addition, Defendant moves for an order directing any officials involved in this case to preserve the evidence seized in the course of their investigation. The Government does not object to the motion to the extent the rough notes still exist. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 22)** is **GRANTED** to the extent that agents retained such records and evidence while investigating Defendant. Disclosure of rough notes is not required by this Order.

7. **Defendant's Pretrial Motion to Suppress Fruits of Unlawful Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a

result of the search and seizure of vehicles on the following grounds: (1) the search of the vehicle driven by Defendant on May 29, 2018, impermissibly exceeded the scope of the traffic stop without more to establish independently probable cause; (2) the search of the vehicle driven by Defendant on December 12, 2018, was poisonous fruit of an impermissible traffic stop and seizure of the vehicle; (3) the search of the vehicle driven by Defendant on October 10, 2018, was poisonous fruit of an impermissible traffic stop and seizure of the vehicle; and (4) the search of the vehicle associated with Defendant on May 24, 2019, was poisonous fruit of an impermissible seizure of the vehicle. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **December 24, 2019**, and the Government shall file its response by **January 7, 2020**. The Court will take Defendant's Pretrial Motion to Suppress Fruits of Unlawful Search and Seizure **(Doc. No. 23)** under advisement on **January 7, 2020**, and issue a **Report and Recommendation** to the District Court.

8. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Eric C. Tostrud.

Date: December 10, 2019

                                                 *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge